(C. D. 341)

D. RECHER & CO. v. UNITED STATES

United States Customs Court, Third Division

(Decided May 21, 1940)

*G. W. R. Wallace; Barnes, Richardson & Colburn (Joseph Schwartz* of counsel), for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This is an action against the United States in which the plaintiffs seek to recover money claimed to have been assessed in excess of the amount due as customs duties upon an importation of a commodity described on the official papers in evidence as Arac Batavia Extra Reserve. It was imported at the port of Chicago, Ill., and was assessed for duty by the collector of customs at that port as arrack at $5 per gallon under the provisions of paragraph 802 of the Tariff Act of 1930.

The original protest claimed the merchandise to be dutiable under the provisions of paragraph 802 of the Tariff Act of 1930 at $2.50 per gallon less 20 per centum by reason of the provisions of the Cuban Trade Agreement (T. D. 47232). Timely amendment was made wherein it was asserted that the merchandise was dutiable at $2.50 per gallon under the provisions of the French Trade Agreement, T. D. 48316. The imported merchandise according to the record is a product of Java, a colony of the Netherlands. The terms of said French Trade Agreement apply to the products of the Netherlands and its colonies, so the allegation in the pleadings, if proven, is applicable to this merchandise. Neither in the brief nor at the hearing did the importer press the claim for a reduction of duty on account of the Cuban Trade Agreement. This court and the Court of Customs and Patent Appeals have decided that the terms of the Cuban Trade Agreement were not generalized to other foreign countries. We cite some of the later decisions on the question as follows: *F. H. Von Damm* v. *United States*, 25 C. C. P. A. (Customs) 97, T. D. 49094; *E. & J. Burke, Ltd.* v. *United States*, 26 C. C. P. A. (Customs) 374, C. A. D. 44; *Louis Wolf & Co. (etc.)* v. *United States*, 27 C. C. P. A. (Customs) 188, C. A. D. 84; and *Geo. W. Cole & Co. et al.* v. *United States*, ibid 201, C. A. D. 85. We therefore overrule that claim.

Said paragraph 802 of the Tariff Act of 1930 is in the following language:

PAR. 802. Brandy and other spirits manufactured or distilled from grain or other materials, cordials, liqueurs, arrack, absinthe, kirschwasser, ratafia, and bitters of all kinds containing spirits, and compounds and preparations of which distilled spirits are the component material of chief value and not specially provided for, $5 per proof gallon.

The French Trade Agreement in schedule IV thereof modified this provision of the act and provided as follows:

Brandy ------------------------------------------------------------- $2.50 per proof gal.
Cordials, liqueurs, kirschwasser, and ratafia---------------- $2.50 per proof gal.

The importer's contention, stated briefly, is that the terms "liqueurs" and "cordials" are broad enough to include this commodity

even though the said French Trade Agreement contains no specific provision for "arrack."

At the hearing the importer offered and there was received in evidence a sample of the imported commodity. A price list was also introduced, of wines and liquors sold by said importer to show that this Batavia Arac (evidently a variation of spelling for "arrack") is listed along with liqueurs therein. We think this price list has little if any probative value.

A witness on the part of the importer testified at some length that the imported commodity is a liqueur. He defined a liqueur as follows:

A liqueur is an alcoholic beverage either obtained by distillation or with the addition of an essence or sugar.

This witness stated that he had never seen the instant commodity prepared; knew nothing of its contents except as the same had been disclosed by a statement on the bottle (Exhibit 1) to the effect that Arac is a distillate from molasses, rice, and palm wine, 100 proof. (We note the name on the label of said Exhibit 1 is "Echter Batavia Arak".) He stated that he had seen it used as a liqueur is used. This line of testimony does not impress the court. Assuming that Arac is used as a liqueur is used, we would still say that that does not prove it to be a liqueur. From the statement that it is a distillate from molasses, rice, and palm wine, and from the further fact that it is made by the Rum Co., Ltd., one might draw the conclusion that it is more akin to rum than to a liqueur.

Furthermore, we have examined the history of the provision for arrack and for liqueurs as used in the various tariff acts and we find the first mention made of the commodity arrack in the Tariff Act of 1842 where a provision was made for a tax on cordials and liqueurs of all kinds in one clause and arrack, kirschwasser, etc., in another clause, but bearing the same rate. In the act of 1846 the order was reversed but "cordials other than * * * arrack * * * and liqueurs" were all taxed at the same rate. In the act of 1861 again cordials and liqueurs were provided for in a clause separate and apart from the clause which taxed arrack, etc., but at the same rate. The act of 1864 contained the same provision. In the act of 1870 there was a provision for cordials, liqueurs, etc., including arrack, absynthe, etc., all at the same rate. The act of 1883 provided for cordials liquors, arrack, absinthe, etc., at the same rate. The act of 1890 carried the same language. The act of 1897 provided for cordials liqueurs, arrack, etc. The acts of 1909, 1922, and 1930 used the same language.

Thus over a long period of legislative history it appears that Congress has carried the distinction between liqueurs, cordials, and arrack.

It is further observed that in the French Trade Agreement the language used modifying paragraph 802 of the Tariff Act of 1930 was "cordials, liqueurs, kirschwasser, and ratafia." It therefore would seem clear that there was a manifest intention to omit arrack from the provision in said trade agreement, because of having selected commodities from the 1930 act listed both preceding and following the word "arrack" in said tariff act.

It must be noted also that the rates of duty introduced into the French Trade Agreement are preceded by this statement:

The provisions of this schedule shall be construed and given the same effect, and the application of collateral provisions of the customs laws of the United States to the provisions of this schedule shall be determined in so far as may be practicable as if each provision of this schedule appeared respectively in the statutory provision noted in the column at the left of the respective descriptions of articles.

Therefore paragraph 802 as modified reads substantially as follows:

Brandy and other spirits manufactured or distilled from grain or other materials, cordials, liqueurs, arrack, absinthe, kirschwasser, ratafia, and bitters of all kinds containing spirits, and compounds and preparations of which distilled spirits are the component material of chief value and not specially provided for, $5 per proof gallon: *Provided*, That brandy, cordials, liqueurs, kirschwasser, and ratafia, if the product of France (including Algeria) and its colonies, dependencies, protectorates, and mandated territories, $2.50 per proof gallon.

Hence, arrack, being provided for *eo nomine* at $5 per proof gallon, could not be included in the general terms "cordials" or "liqueurs."

The court finds no legal ground upon which the importer can obtain relief under his amended pleadings. Judgment will therefore be rendered for the defendant. It is so ordered.